# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09CV164-MR-DSC

| | |
|---|---|
| GLORIA PACE KING, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> UNITED WAY OF CENTRAL ) <br> CAROLINAS, INC.; UNITED WAY ) <br> OF CENTRAL CAROLINAS, INC. ) <br> SUPPLEMENTAL EXECUTIVE ) <br> RETIREMENT PLAN; PLAN ) <br> ADMINISTRATOR OF THE UNITED ) <br> WAY OF CENTRAL CAROLINAS, ) <br> INC. SUPPLEMENTAL EXECUTIVE ) <br> RETIREMENT PLAN; EDWARD L. ) <br> CURRAN; GRAHAM W. DENTON; ) <br> CARLOS EVANS; ANTHONY FOX; ) <br> PAUL S. FRANZ; and JEFFREY ) <br> KANE, ) <br> ) <br> **Defendants.** ) <br> ) | **MEMORANDUM** <br> **AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Remand" (document #7) filed April 27, 2009; and the parties's associated briefs and exhibits. (Documents ##8, 18, 23, 34, and 35).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion to Remand be <u>denied</u>, as discussed below.

# I. PROCEDURAL AND FACTUAL BACKGROUND

As previously stated by the District Judge to whom this case is assigned (the Honorable Martin Reidinger), the relevant jurisdictional facts are as follows:

> The Plaintiff commenced this action on April 13, 2009 in the Mecklenburg County General Court of Justice, Superior Court Division, through the filing of an Application for an Order extending the time to file a complaint, pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. [Doc. 1-2 at 2]. Along with the Application, the Plaintiff filed an Attachment, detailing the nature of the Plaintiff's anticipated claims for relief arising from the allegedly wrongful termination of her employment with the United Way of Central Carolinas, Inc. ("UWCC"). The Plaintiff indicates that she intends to file claims for racial discrimination, in violation of 42 U.S.C. § 1981; retaliation for exercising her rights under § 1981; breach of the provisions of the United Way of Central Carolinas, Inc. Supplemental Executive Retirement Plan ("SERP"), a plan governed by the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"); wrongful termination, in violation of North Carolina public policy; unlawful withholding of wages, in violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq.; breach of the implied covenants of good faith and fair dealing; and defamation under North Carolina law. [Id. at 3-4]. This Attachment further indicates that, after exhausting administrative remedies, the Plaintiff intends to bring claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and ERISA. [Doc. 1-2 at 3]. Also attached to the Application is the Plaintiff's Verified Motion for a Temporary Restraining Order and Preliminary Injunction. [Doc. 1-2 at 6].
>
> The Defendants received a copy of the Plaintiff's filings on April 15, 2009 and consented to service of process. [Doc. 1 at 2]. Thereafter, on April 17, 2009, the Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446.

"Memorandum of Decision and Order" at 2-3, entered April 20, 2009 (document #4) (denying Plaintiff's Motion for Temporary Restraining Order). The Plaintiff alleges, and the Defendants do not dispute, that they filed their Notice of Removal two hours before a hearing was scheduled to be held in Mecklenburg County Superior Court on Plaintiff's Motion for Temporary Restraining Order ("TRO").

On the same day that this matter was removed, Plaintiff sought relief from this Court on her

Motion for a TRO. Judge Reidinger conducted a telephonic hearing on Plaintiff's Motion that day. At the conclusion of the hearing, Judge Reidinger orally <u>denied</u> Plaintiff's Motion and on April 20, 2009 issued a "Memorandum of Decision and Order," quoted above, memorializing that denial. In the same Order, Judge Reidinger summarized the Plaintiff's allegations in support of her Motion for a Temporary Restraining Order as follows:

> Specifically, the Plaintiff alleges that she is 64 years old, fighting breast cancer, and has been "soundly vilified in the media," making it difficult for her to find a job to replace this lost income. [Doc. 1-2 at 27]. Additionally, the Plaintiff alleges that because of the UWCC's actions in forgiving a loan given to her through a split-dollar insurance arrangement during her employment, the next paycheck owed to the Plaintiff, which had been due to have been paid on April 17, 2009, would have been entirely withheld to pay taxes which are due immediately on the loan forgiveness amount. The Plaintiff therefore alleges that in addition to losing her wages, she will incur significant tax penalties if the UWCC withholds her salary. [<u>Id.</u>]. The Plaintiff further alleges that she will suffer additional irreparable damage if the Defendants are allowed to terminate her for cause under the SERP Agreement, as such a termination will result in the forfeiture of all of her retirement benefits. [<u>Id.</u>].

<u>Id.</u> at 5-6.

The Court also ordered Plaintiff to file her Complaint by April 27, 2009, which she did. Plaintiff's Complaint acknowledges that federal subject matter jurisdiction exists. "Complaint" at 3, ¶ 18 (document #10). Indeed, the Complaint asserts several federal claims, including claims relating to an ERISA plan, race discrimination claims pursuant to 42 U.S.C. § 1981, employment discrimination claims pursuant to Title VII, and age discrimination claims pursuant to the ADEA, the very claims foreshadowed in the Attachment and the Motion for Temporary Restraining Order and Preliminary Injunction.

Also on April 27, 2009, the Plaintiff filed the subject Motion to Remand, contending that notwithstanding the admitted existence of federal subject matter jurisdiction, this matter must be

3

remanded because the Defendants removed it from state court prematurely, that is, prior to the filing of the Complaint. The Plaintiff's Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIM

The undersigned notes first that the Plaintiffs' Motion to Remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal). Plaintiff's Motion does not raise or implicate any jurisdictional defect, but poses the question of whether Defendants' removal was procedurally correct under 28 U.S.C. § 1446(b), which provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...." More specifically, the question presented is whether the Plaintiff's Application for an Order extending time to file the Complaint, standing alone or taken in conjunction with the Plaintiff's Verified Motion for a Temporary Restraining Order and Preliminary Injunction, amounts to the "initial pleading" required by § 1446(b).

As discussed above, both the Application and Plaintiff's Motion for injunctive relief were premised on federal law claims. Moreover, by seeking a hearing on her Motion for a TRO, the Plaintiff sought relief in state court on her federal ERISA claim even though she had not yet filed her Complaint. When a plaintiff seeks injunctive relief in state court based on federal law, the action is removable to federal court even in the absence of a complaint. As explained by one of the leading treatises on federal practice:

> If a pleading is served before the complaint, such as a motion for temporary restraining order or other extraordinary relief, and it indicates that the action is

4

> removable, courts have held that the 30-day removal period commences from receipt of that pleading. Under the Supreme Court's <u>Murphy Brothers</u> rule, assuming formal service of the pleading or a summons with the pleading, the 30-day period runs from such service.

16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.30[3][b] (3d ed. 1999) (footnotes omitted) (hereinafter "Moore's"), <u>citing</u> <u>Murphy Bros., Inc. v. Michetti Pipe Strining, Inc.</u>, 526 U.S. 344 (1999). <u>See, e.g.</u>, <u>Butts v. Hansen</u>, 650 F.Supp 996, 998 (D. Minn. 1987) (removal based on motion for temporary restraining order); <u>Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH</u>, 579 F.Supp 1476, 1477 (C.D.Ill. 1984) (affidavit for attachment); <u>Perimeter Lighting, Inc. v. Karlton</u>, 456 F.Supp. 355, 357 (N.D.Ga. 1978) (motion for preliminary injunction); <u>and</u> <u>Williams v. Beyer</u>, 455 F.Supp. 482, 484 (D.N.H. 1978) (petition for arbitration). In each of these cases, it was held that the civil actions commenced were immediately removable, notwithstanding the absence of a complaint being filed at that time.

As the Court in <u>Butts</u> explained, in rejecting plaintiffs' argument that such a case was not removable at that time:

> It is inescapable that this proceeding was pending in state court despite the absence of a complaint. Had defendants been required to wait for the plaintiffs to produce a complaint, they would have been deprived of their right to a federal forum during the temporary restraining order proceedings. Defendants' statutory right to removal would be subject to plaintiffs' whim.

650 F.Supp. at 998. Clearly, defendants in such cases have a right to a federal forum for hearing any TRO or Preliminary Injunction proceedings dealing with federal claims. In the instant case, as in <u>Butts</u>, a civil action was commenced and pending in state court despite the absence of a complaint. Because the claims arose under federal law – as manifested in both the Application and the Verified Motion – removal jurisdiction was proper in this matter. In the face of the Plaintiff seeking

immediate relief of some sort in relation to those claims, it would be inconsistent with the purposes of the removal statute if a plaintiff could "effectively block [a] defendant's right to remove until such time as plaintiff sees fit to file the complaint."  See Perimeter Lighting, 456 F.Supp at 359.

In short, once Defendants had notice of Plaintiff's federal claims and her motion for injunctive relief, they removed this action in exercise of their statutory right to a federal forum for disposition of federal claims.  Accordingly, for this reason, as well as the other reasons stated in the Defendants' "Memorandum of Law in Opposition ..." (document #18) and "Supplemental Brief in Opposition ..." (document #34), the undersigned will respectfully recommend that the Plaintiff's Motion to Remand be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Plaintiff's Motion to Remand" (document #7) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED**.

Signed: June 16, 2009

David S. Cayer
United States Magistrate Judge