# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09cv164

| | |
|---|---|
| **GLORIA PACE KING,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**UNITED WAY OF CENTRAL** )<br>**CAROLINAS, INC.; UNITED WAY** )<br>**OF CENTRAL CAROLINAS, INC.** )<br>**SUPPLEMENTAL EXECUTIVE** )<br>**RETIREMENT PLAN; PLAN** )<br>**ADMINISTRATOR OF THE UNITED** )<br>**WAY OF CENTRAL CAROLINAS,** )<br>**INC. SUPPLEMENTAL EXECUTIVE** )<br>**RETIREMENT PLAN; EDWARD L.** )<br>**CURRAN; GRAHAM W. DENTON;** )<br>**CARLOS EVANS; ANTHONY FOX;** )<br>**PAUL S. FRANZ; and JEFFREY** )<br>**KANE,** )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Objections [Doc. 39]

to the Memorandum and Recommendation [Doc. 36] of the Honorable David

S. Cayer, United States Magistrate Judge, regarding the disposition of the Plaintiff's Motion to Remand [Doc. 7].

I. **PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff commenced this action on April 13, 2009 in the Mecklenburg County General Court of Justice, Superior Court Division, through the filing of an Application and Order ("Application") extending the time to file a complaint, pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. [Doc. 1-2 at 2]. Along with the Application, the Plaintiff filed an Attachment, detailing the nature of the Plaintiff's anticipated claims for relief arising from the allegedly wrongful termination of her employment with the United Way of Central Carolinas, Inc. ("UWCC"). In the Attachment, the Plaintiff indicates that she intends to file claims for racial discrimination, in violation of 42 U.S.C. § 1981; retaliation for exercising her rights under § 1981; breach of the provisions of the United Way of Central Carolinas, Inc. Supplemental Executive Retirement Plan ("SERP"), a plan governed by the federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"); wrongful termination, in violation of North Carolina public policy; unlawful withholding of wages, in violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq.; breach of the implied covenants

2

of good faith and fair dealing; and defamation under North Carolina law. [Id. at 3-4]. The Attachment further indicates that, after exhausting administrative remedies, the Plaintiff intends to bring claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and ERISA. [Doc. 1-2 at 4-5]. Along with the Application, the Plaintiff filed a Verified Motion for a Temporary Restraining Order and Preliminary Injunction, seeking injunctive relief based on her federal ERISA claim. [Doc. 1-2 at 6].

The Defendants received a copy of the Plaintiff's filings on April 15, 2009 and consented to service of process. [Doc. 1 at 2]. Thereafter, on April 17, 2009, the Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446. The Court held a hearing on the Plaintiff's Motion for a Temporary Restraining Order by telephone conference with counsel on April 17, 2009. On April 20, 2009, the Court entered an Order denying the Plaintiff's request for a temporary restraining order and directing the Plaintiff to file a Complaint in accordance with the Federal Rules of Civil Procedure within seven days. [Doc. 4].

On April 27, 2009, the Plaintiff filed a Complaint, asserting several federal causes of action, including claims of race, gender, and age

discrimination and retaliation in violation of various federal laws, and breach of the SERP, in violation of ERISA. [Doc. 10 at 31-42]. The Plaintiff also filed a Motion to Remand, arguing that removal of this action was premature because the Plaintiff had not yet filed her Complaint at the time of removal. [Doc. 7]. The Defendants timely responded to the Plaintiff's Motion [Doc. 18], and the Plaintiff filed a Reply [Doc. 23]. On June 12, 2009, the parties submitted supplemental briefs pursuant to the Magistrate Judge's request for additional briefing on the removal issue. [Docs. 34, 35].

On June 16, 2009, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 36], concluding that the Plaintiff's action was properly removable even in the absence of a Complaint. Accordingly, the Magistrate Judge recommended that the Plaintiff's Motion to Remand be denied. [Id.].

The Plaintiff timely filed Objections to the Memorandum and Recommendation on July 6, 2009. [Doc. 39]. The Defendants filed their Response to the Plaintiff's Objections on July 22, 2009. [Doc. 42]. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objections

is made." 28 U.S.C. § 636(b)(1). Such objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert. denied, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no proper objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

## III.     ANALYSIS

A defendant may remove from state court any civil action of which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action from state court "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). Removal jurisdiction is not favored, and thus the Court construes such jurisdiction strictly "in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), cert. denied, 549 U.S. 1260, 127 S.Ct.

1381, 167 L.Ed.2d 174 (2007). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Although the Plaintiff asserts nineteen specific assignments of error [see Doc. 39 at 1-2], the essence of her objections is that the Magistrate Judge erred in concluding that the Plaintiff's state court action was removable in the absence of a complaint having been filed. Specifically, the Plaintiff contends that the only "initial pleading" that triggers a defendant's right to removal proceedings under 28 U.S.C. § 1446(b) is a complaint, and because the Plaintiff had not yet filed her complaint in the state court action, the Defendants' removal of this action was premature. [Doc. 39 at 14-18].

In arguing that the Defendants' premature removal of this action warrants a remand to state court, the Plaintiff relies upon the Supreme Court's decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) and this Court's recent decision in Riggs v. Fling Irrigation, Inc., 535 F.Supp.2d 572 (W.D.N.C. 2008). The Plaintiff's reliance on these decisions, however, is simply misplaced. In Murphy Brothers, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint,

or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 US. at 347-48, 119 S.Ct. 1322. In Riggs, this Court applied Murphy Brothers in denying a motion to remand where removal occurred forty days after the plaintiff had filed a summons and application for an extension of time to file a complaint pursuant to Rule 3(a) of the North Carolina Rules of Civil Procedure. 535 F.Supp.2d at 578. These decisions address only the issue of when the 30-day removal period under § 1446(b) commences for the purpose of determining whether a notice of removal is *tardy*; neither of these decisions addresses whether a defendant may remove an action *before* formal service of the complaint has been made. See NXIVM Corp. v. Ross, No. 09-CV-338S, 2009 WL 1765240, at *3 (W.D.N.Y. June 22, 2009) ("The [Murphy Brothers] Court never discussed the defendant's options *prior* to formal service, nor did it determine that a removal would be premature if it was filed *prior* to formal service."); Soliman v. L-3 Comm. Corp., No. C 08-04838 WHA, 2008 WL 5383151, at *2 (N.D. Cal. Dec. 24, 2008) ("[The Murphy Brothers Court] found that, because defendants are not *required* to respond until they have been formally served, the 30-day period begins to run only upon service of a summons or other authority-asserting measure stating

the time within which the party served must appear and defend. It did not address whether a defendant may remove a case *prior* to the commencement of that 30-day clock; that is, whether service is a prerequisite to removal.").

Section 1446 sets the deadline for removal. It does not address when the right to removal accrues. The statutory right to remove arises under § 1441 and is inclusive of "any civil action" that could have been brought in federal court. 28 U.S.C. § 1441(a). In the present case, the Plaintiff concedes that she had commenced a civil action by filing her Application pursuant to Rule 3(a) of the North Carolina Rules of Civil Procedure. [Doc. 39 at 4, 6]. In this civil action, she seeks relief on claims arising under federal law. The Defendants therefore had a right to remove this civil action at the time that they did so. Although it is without question that a defendant may be deemed to have waived his right to remove an action under § 1446 by failing to act within thirty days from service of the complaint, the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove. See Robinson v. Quality Ins. Co., 633 F.Supp. 572, 576 (S.D. Ala. 1986) (rejecting theory of premature removal under § 1446).

Although the Plaintiff had not yet formally filed her Complaint, the Defendants had received notice of the Plaintiff's federal claims through

8

service of the Application and the Motion for Temporary Restraining Order, and therefore, their removal of this action to federal court was not improper. Accordingly, the Magistrate Judge correctly concluded that the Plaintiff's Motion to Remand should be denied.

**IV.   CONCLUSION**

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 36] that the Plaintiff's Motion to Remand [Doc. 7] be denied.

**IT IS, THEREFORE, ORDERED** the Plaintiff's Objections [Doc. 39] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 36] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Remand [Doc. 7] is **DENIED**.

Signed: August 5, 2009

Martin Reidinger
United States District Judge