# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:09cv164

| | |
|---|---|
| GLORIA PACE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **MEMORANDUM OF** |
| | )   **DECISION AND ORDER** |
| UNITED WAY OF CENTRAL | ) |
| CAROLINAS, INC.; UNITED WAY | ) |
| OF CENTRAL CAROLINAS, INC. | ) |
| SUPPLEMENTAL EXECUTIVE | ) |
| RETIREMENT PLAN; PLAN | ) |
| ADMINISTRATOR OF THE UNITED | ) |
| WAY OF CENTRAL CAROLINAS, | ) |
| INC. SUPPLEMENTAL EXECUTIVE | ) |
| RETIREMENT PLAN; EDWARD L. | ) |
| CURRAN; GRAHAM W. DENTON; | ) |
| CARLOS EVANS; ANTHONY FOX; | ) |
| PAUL S. FRANZ; and JEFFREY | ) |
| KANE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendants' Motion to

Dismiss [Doc. 24]; the Plaintiff's Objections [Doc. 49] to the Memorandum

and Recommendation [Doc. 48] of the Honorable David S. Cayer, United

States Magistrate Judge; and the Plaintiff's Motion for Leave to
Supplement the Complaint [Doc. 51].

## I.     PROCEDURAL BACKGROUND

In this action, the Plaintiff Gloria Pace King asserts claims for the
wrongful termination of her employment as President of United Way of
Central Carolinas, Inc. ("UWCC") and the wrongful denial of salary
continuation benefits under a Supplemental Executive Retirement Plan
("SERP").   Specifically, the Plaintiff seeks a declaratory judgment that
UWCC's action in terminating her salary continuation benefits constituted a
breach of the terms of her employment agreement (First Cause of Action).
She also asserts claims under North Carolina law for breach of
contract/anticipatory repudiation of contract (Second Cause of Action); for
breach of the duties of good faith and fair dealing (Fifteenth Cause of
Action); and for violation of the North Carolina Wage and Hour Act
(Sixteenth Cause of Action).  Additionally, the Plaintiff asserts claims for
race, gender, and age discrimination and retaliation pursuant to 42 U.S.C.
§ 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§
2000e, et seq. ("Title VII"), and the Age Discrimination in Employment Act,

29 U.S.C. §§ 621, et seq. ("ADEA") (Eighth through Thirteenth Causes of Action).

The Defendants filed a Motion to Dismiss, seeking dismissal of ten of the seventeen causes of action set forth in the Plaintiff's Complaint. [Doc. 24]. On August 6, 2009, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 48] addressing the Defendant's Motion. The Magistrate Judge concluded that the Plaintiff's First, Second, Fifteenth, and Sixteenth Causes of Action were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Additionally, the Magistrate Judge concluded that applying the pleading standards enunciated by the United States Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Plaintiff's factual allegations fail to state claims under § 1981, Title VII, and the ADEA. Accordingly, the Magistrate Judge recommended the dismissal of the Plaintiff's First, Second, Eighth through Thirteenth, Fifteenth, and Sixteen Causes of Action, but also recommended that the Plaintiff be granted leave to amend her Complaint to recast her First, Second, Fifteenth, and Sixteenth Causes of Action as ERISA claims.

The Plaintiff now objects to that Recommendation. [Doc. 49]. Additionally, the Plaintiff seeks leave to supplement her Complaint in order to address the May 12, 2009 denial of her appeal under the UWCC SERP. [Doc. 51]. These issues having been fully briefed, this matter is now ripe for disposition.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so that the defendant may have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).   A defendant may challenge the legal sufficiency of a complaint by way of a Rule 12(b)(6) motion.  See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).  In reviewing such a motion, the Court must assume the facts alleged in the complaint to be true.  Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  While all well-pleaded factual allegations must be taken as true, the Court "need not accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Id.

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). While a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may survive a motion to dismiss only if it "states a plausible claim for relief," supported by well-pleaded facts, that permits the court "to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## III.    FACTUAL BACKGROUND

The Court hereby adopts the recitation of the relevant factual allegations as stated by the Magistrate Judge in his Memorandum and Recommendation.  [Doc. 48 at 2-8].

## IV.    DISCUSSION

### A.    Motion to Dismiss

The Plaintiff makes two primary objections to the Magistrate Judge's Memorandum and Recommendation.  First, the Plaintiff argues that the Magistrate Judge erred in recommending that the Court treat the salary continuation provisions of the Plaintiff's Employment Agreement as an ERISA plan, thus resulting in preemption of her First, Second, Fifteenth, and Sixteenth Causes of Action.  Second, the Plaintiff argues that the Complaint pleads ample factual allegations regarding her race, gender, and age discrimination and retaliation claims under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and <u>Ashcroft v. Iqbal</u>, – U.S. –, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and therefore, the Magistrate Judge erred in recommending that these claims be dismissed.  The Court will address each of these objections in turn.

### 1.    ERISA Preemption

As correctly noted by the Magistrate Judge, the determination of whether a particular severance plan constitutes an employee benefit plan under ERISA requires the consideration of four factors:

> (1) the amount of managerial discretion granted in paying the benefits and whether a case-by-case

review of employees is needed; (2) whether payments are triggered by a single, unique event or on a recurring basis; (3) whether the employer must make a one-time, lump-sum payment or continuous, periodic payments; and (4) whether the employer undertook any long-term obligations with respect to the payments.

[Doc. 48 at 10 (quoting Mullaly v. Ins. Servs. Office, Inc., 395 F.Supp.2d 290, 295 (M.D.N.C. 2005))].

The Magistrate Judge correctly concluded that the first Mullaly factor weighs in favor of finding that the Salary Continuation Program constitutes an employee benefit plan for two reasons.  First, UWCC's Board of Directors ("Board") was required to make a determination of whether the Plaintiff should be terminated without cause or "for cause" under any one of six detailed definitions of cause, all of which call for a considered evaluation of facts and circumstances.  [Employment Agreement, Doc. 10-1 at ¶4(b)].  Second, the Salary Continuation Program mandated that UWCC could cease paying the Plaintiff benefits if, after a termination "without cause," she obtained "new employment … at a base salary comparable to" her base salary at UWCC.  [Id. at ¶4(c)].  Based on this provision, the Magistrate Judge properly concluded that the Board had "the additional, ongoing discretion to eliminate or adjust the Plaintiff's benefit"

after an initial determination as to whether she was eligible for such benefits.  [Doc. 48 at 11].

The Plaintiff argues that the managerial discretion required of UWCC was insignificant and does not weigh in favor of finding that the severance package constitutes an ERISA plan.  In support of this argument, she cites several cases, including Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F.Supp.2d 781 (E.D. Va. 2007); Donovan v. Branch Banking & Trust Co., 220 F.Supp.2d 560 (S.D. W.Va. 2002); Emery v. Bay Capital Corp., 354 F.Supp.2d 589 (D.Md. 2005).  These cases, however, are readily distinguishable from the instant case.  In Venezuela, for example, the employment agreement in question afforded managerial discretion with regard to definitions of "cause" but, unlike the present case, had no provision requiring ongoing monitoring to determine continued eligibility. 525 F.Supp.2d at 791.  In Donovan, the court found it significant that the discretionary "for cause" language at issue was not listed as one of the triggering events for benefit eligibility under the parties' severance agreement.  220 F.Supp.2d at 567.  By contrast, in the instant case, the Plaintiff's eligibility for benefits depended on the Board's considered evaluation of the detailed definitions of cause contained in her Employment

Agreement.  In <u>Emery</u>, the "cause" provision at issue was a simple employment offer, contained in an email, which promised severance benefits for a period of six months if the employee was "terminated for any reason other than fraud or misrepresentation."  354 F.Supp.2d at 590. Determining eligibility under this formulation in <u>Emery</u> clearly required far less managerial discretion and judgment than was required under ¶4(b) of the Plaintiff's Agreement.  Accordingly, these decisions provide no basis for rejecting the Magistrate Judge's reasoned analysis.

The Plaintiff next claims that there was no need to monitor her employment status under ¶4(c) of her Agreement.  As the Magistrate Judge correctly concluded, however, the language of the Salary Continuation Program contradicts this argument.  In order to give effect to its discretionary ability to terminate the Salary Continuation Program after one year, the Board had to monitor whether the Plaintiff had obtained new employment. It also had to investigate and learn the amount of her new base salary, and subsequently make a discretionary judgment about whether that salary was "comparable" to the base salary she received from UWCC.  This separate eligibility decision implicates significant managerial discretion.  <u>See</u> <u>Mullaly</u>, 395 F.Supp.2d at 295.  Indeed, this eligibility

decision could have become recurring even if the Plaintiff initially had obtained employment at a non-comparable base salary, as her base salary subsequently could have increased or she might have gone on to a subsequent job during the relevant time period at a base salary that would have extinguished her eligibility for benefits.  For these reasons, the Court concludes that the Magistrate Judge was correct in concluding that the Salary Continuation Program granted UWCC considerable managerial discretion.

Analysis of the other <u>Mullaly</u> factors also support the Magistrate Judge's Recommendation.  Pursuant to ¶4(c) of the Agreement, the Plaintiff's eligibility for benefits could have been triggered or extinguished at various times.  Thus, the second factor – whether payments are triggered by a single, unique event in the course of business or on a recurring basis – weighs in favor of finding her severance plan to be an employee benefit plan.  The third factor also weighs in favor of such a finding because the Salary Continuation Program did not require UWCC merely to "write a check" on one occasion, but instead mandated regular payments, which is precisely the kind of "periodic demand[ ] on … assets that create a need for financial coordination and control."  <u>Fort Halifax Packing Co. v. Coyne</u>, 482

U.S. 1, 12, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Finally, with regard to the fourth factor, the three-year period provided in the Employment Agreement for the payment of severance benefits is longer than the two-year time frame found by this Court to satisfy this factor in Rinaldi v. CCX, No. 3:05-cv-108-RJC, 2008 WL 2622971, at *5-*6 (W.D.N.C. July 2, 2008). For these reasons, the Court concludes that the Magistrate Judge was correct in finding that the Salary Continuation Program contained in the Plaintiff's Employment Agreement is an employee benefit plan subject to ERISA. As such, the Plaintiff's claims related to that Agreement are preempted and the Motion to Dismiss Plaintiff's First, Second, Fifteenth and Sixteenth Causes of Action will be granted. The Plaintiff, however, will be allowed leave to amend her Complaint to recast these preempted claims as claims arising under ERISA. See Mullaly, 395 F.Supp.2d at 295.

## 2. Discrimination and Retaliation Claims

A plaintiff is not required to plead facts that constitute a prima facie case of discrimination under the McDonnell Douglas standard in order to withstand a motion to dismiss. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). As the Fourth Circuit has explained, however, "the Supreme Court's holding in Swierkiewicz . . .

12

did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); see also Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) ("Even with notice pleading, a complaint purporting to describe the events justifying relief must nonetheless demonstrate that relief can be granted in those circumstances."). While a plaintiff need not plead a prima facie case of discrimination in order to withstand a Rule 12(b)(6) motion, "[t]he elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Chacko v. Worldwide Flight Services, Inc., No. 08-CV-2363 (NGG)(JO), 2010 WL 424025, at *3 (E.D.N.Y. Feb. 3, 2010) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Orozco v. City of Murfreesboro, No. 3:09-cv-00752, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009) ("it seems reasonable to conclude that a complaint that pleads *facts* in support [of] each element of a prima facie case of discrimination – and not merely conclusory statements to the effect that such elements are satisfied – necessarily meets Iqbal's requirement

that the complaint show more than the 'mere possibility of misconduct,' . . .
regardless of whether it is technically not necessary to plead every element
of a prima facie case of discrimination in order to avoid dismissal under
Iqbal").

### a. Race and Gender Discrimination

The Plaintiff contends that her race and gender discrimination claims
should not be dismissed because she has plead a prima facie case of
disparate treatment.  In order to make out a prima facie case of disparate
treatment based on race or gender, the Plaintiff must show that: "(1) she is
a member of a protected class; (2) she has satisfactory job performance;
(3) she was subjected to adverse employment action; and (4) similarly
situated employees outside her class received more favorable treatment."
Prince-Garrison v. Md. Dep't of Health and Mental Hygiene, 317 F. App'x
351, 353 (4th Cir. 2009) (citing Holland v. Washington Homes, Inc., 487
F.3d 208, 214 (4th Cir. 2007), cert. denied, 552 U.S. 1102, 128 S.Ct. 955,
169 L.Ed.2d 734 (2008)).

In the instant case, the Complaint alleges that the Plaintiff is an
African-American female [Complaint, Doc. 10 at ¶20], and that the Plaintiff
was qualified for her position and performed her job satisfactorily.  Indeed,

it is alleged that her fourteen-year tenure with UWCC had been marked with considerable success.  [Id. at ¶¶28-33].  Additionally, it is alleged that the Plaintiff suffered an adverse employment action, namely, the termination of her employment [Id. at ¶¶85-94], and that she was replaced by a white male [Id. at ¶¶85, 90].  These factual allegations are sufficient to establish a prima facie case of disparate treatment.  The allegations "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted), and they provide sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  Because the Plaintiff has pled a plausible prima facie case of disparate treatment, the Defendants' motion to dismiss the Plaintiff's race and gender discrimination claims will be denied.

### b.    Age Discrimination

"To establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision."  Gross v. FBL Financial Services, – U.S. –, 129 S.Ct. 2343, 2350, 174 L.Ed.2d 119 (2009).  Viewing the Plaintiff's

Complaint in light of this standard, the Court is constrained to conclude that the Plaintiff's allegations fall far short of pleading facts that plausibly establish that her age was the "but-for" cause of her termination. As noted by the Magistrate Judge, the Plaintiff merely alleges in conclusory fashion that she was terminated on account of her age. The only allegations of fact asserted in the Complaint in this support of this theory is that she was born on February 27, 1945 and is 64 years old. [Complaint, Doc. 10 at ¶20].

The Court concludes that rather than dismissing her age discrimination claim, however, the proper course of action at this stage in the proceedings would be to allow the Plaintiff the opportunity to amend her Complaint to assert additional factual allegations in support of this claim. See Harman v. Unisys Corp., No. 09-1298, 2009 WL 4506463, at *3 (4th Cir. Dec. 4, 2009). Accordingly, the Defendants' motion to dismiss the Plaintiff's age discrimination claim will be denied without prejudice, subject to renewal upon the filing of the Plaintiff's Amended Complaint.[1]

---

[1] While the Defendants are free to renew their motion to dismiss as to this claim, it should be noted that by the time that the Amended Complaint has been filed, all other issues in this case will be ripe for joinder and this case will be ready to proceed. The Defendants therefore need to consider carefully the advisability of foregoing the renewal of their motion to dismiss as to this singular claim and rather seeking dismissal of this claim by way of a motion for summary judgment (at the appropriate time) that addresses all of the claims asserted by the Plaintiff.

### c. Retaliation

In order to state a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) the defendant took a materially adverse action against her; and (3) a causal connection exists between the claimed protected activity and the alleged adverse action. See Holland, 487 F.3d at 218.  Temporal proximity between the protected activity and the materially adverse action may suffice to establish a causal connection.  See Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 271 (4th Cir. 2001).

The Plaintiff alleges that she engaged in protected activities by retaining counsel to protect her rights, by filing an EEOC charge, and by commencing this action in state court.  [See Complaint, Doc. 10 at ¶¶129-30, 230].  These allegations are sufficient to support her claim that she engaged in protected activity, and thus the Court concludes that the Plaintiff has satisfied the first element of her prima facie case.

The Plaintiff further alleges that the Defendants responded to her protected activities by, among other things, terminating her employment and retroactively re-classifying her termination as one "for cause." [Complaint, Doc. 10 at ¶231].  Based on these allegations, the Plaintiff has

pled sufficient facts to support her claim that the Defendants took materially adverse action against her, and thus the second element of her prima facie case has been satisfied.

As for the third element, the Plaintiff alleges in her Complaint that she retained an attorney in August 2008 [Complaint, Doc. 10 at ¶ 84] and that on August 25, 2008, UWCC decided to terminate her employment [Id. at ¶86]. The Complaint further alleges that one day after the Plaintiff initiated this action in state court on April 13, 2009, the Board voted to re-classify her termination as one for cause. [Id. at ¶¶129-30]. Given the temporal proximity of these alleged events, the Plaintiff's allegations establish a sufficient plausible causal connection between the Plaintiff's protected activities and the Defendant's retaliatory actions. For these reasons, the Court concludes that the Plaintiff has alleged a plausible claim of retaliation under Title VII, § 1981, and the ADEA, and therefore, the Defendant's motion to dismiss these claims will be denied.

**B.     Motion to Supplement Complaint**

The Plaintiff moves pursuant to Rule 15(d) of the Federal Rules of Civil Procedure for leave to supplement her Complaint to add additional factual allegations, causes of action, and parties in light of the May 12,

2009 denial of her appeal under the UWCC Supplemental Executive

Retirement Plan ("SERP").  Specifically, the Plaintiff seeks to supplement

her pleading by: (1) adding a claim for benefits arising under 502(a)(1)(B)

of ERISA (29 U.S.C. § 1132(a)(1)(B)), along with supporting factual

allegations, based on the denial of her SERP appeal; (2) adding a claim

arising under the "full and fair hearing" requirements of section 503 of

ERISA (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1, along with

supporting factual allegations, based on the manner in which her SERP

appeal was denied; (3) asserting additional factual allegations to

supplement the ERISA-based Third through Seventh Causes of Action of

the Complaint related to the denial of her SERP appeal; and (4) adding

Irvin Bisnov and Joseph F. Hallow, III as defendants based on their

involvement in the denial of her SERP appeal. [Doc. 51 at 4].

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent

part, as follows:

> Upon motion and reasonable notice, the court may,
> on just terms, permit a party to serve a supplemental
> pleading setting out any transaction, occurrence, or
> event that happened after the date of the pleading to
> be supplemented.  The court may permit
> supplementation even though the original pleading is
> defective in stating a claim or defense.

Fed. R. Civ. P. 15(d).  As the Supreme Court has stated: "Rule 15(d) plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary.  Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and efficient administration of justice."  <u>Griffin v. County School Bd. of Prince Edward County</u>, 377 U.S. 218, 226, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) (footnote omitted).  In determining whether leave to supplement is appropriate, the same standards are applied as those for motions for leave to amend.  <u>See</u> <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 606, 608 n. 3 (4th Cir. 1980).  The Fourth Circuit has stated that "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment."  <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000).

In the present case, the Plaintiff's proposed supplementation does not appear to be made in bad faith, nor does it appear to be futile.  Moreover, this litigation is still in its infancy; no discovery has occurred, nor has a pretrial order and case management plan been entered.  Thus, the Defendants would not suffer any undue prejudice by allowing the Plaintiff to

supplement her Complaint at this stage in the proceedings. For these reasons, the Plaintiff's Motion to Supplement her Complaint will be allowed.

## V.    CONCLUSION

Upon conducting a *de novo* review of the Magistrate Judge's Memorandum and Recommendation [Doc. 48], the Plaintiff's Objections [Doc. 49], and all other relevant pleadings, and viewing the well-pled factual allegations set forth in the Complaint [Doc. 10] in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff's First, Second, Fifteenth, and Sixteenth Causes of Action are preempted by ERISA, but that the Plaintiff should be granted leave to amend her Complaint to recast these causes of action as ERISA claims.   The Court further concludes that the Plaintiff has pled sufficient factual allegations to state claims for relief for discrimination under Title VII and § 1981 and for retaliation under Title VII, § 1981, and the ADEA, and thus the Defendants' motion to dismiss will be denied as to these claims.  The Plaintiff shall be granted leave to amend her Complaint to assert additional factual allegations in support of her ADEA disparate treatment claim, and therefore, the Defendants' motion to dismiss this claim shall be denied

without prejudice.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 48] filed August 6, 2009, is hereby **ADOPTED IN PART** and **REJECTED IN PART**, and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 49] are **OVERRULED IN PART** and **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 24] is **DENIED** with respect to the Eighth through Thirteenth Causes of Action set forth in the Plaintiff's Complaint. Specifically, the Defendant's Motion to Dismiss [Doc. 24] is **DENIED WITHOUT PREJUDICE** with respect to the Plaintiff's Twelfth Cause of Action, and the Plaintiff is hereby granted leave to amend her Complaint to assert additional factual allegations in support of this claim.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 24] is **GRANTED** with respect to the First, Second, Fifteenth, and Sixteenth Causes of Action set forth in the Plaintiff's Complaint, but the Plaintiff is granted leave to amend her Complaint to recast these causes of action as claims under ERISA.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Supplement the Complaint [Doc. 51] is **ALLOWED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall file her Amended and Supplemented Complaint within twenty-one (21) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: May 14, 2010

Martin Reidinger
United States District Judge