IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09cv164

| | |
|---|---|
| GLORIA PACE KING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED WAY OF CENTRAL ) <br> CAROLINAS, INC.; UNITED WAY ) <br> OF CENTRAL CAROLINAS, INC. ) <br> SUPPLEMENTAL EXECUTIVE ) <br> RETIREMENT PLAN; PLAN ) <br> ADMINISTRATOR OF THE UNITED ) <br> WAY OF CENTRAL CAROLINAS, ) <br> INC. SUPPLEMENTAL EXECUTIVE ) <br> RETIREMENT PLAN; EMPLOYMENT ) <br> AGREEMENT DATED DECEMBER ) <br> 17, 2007, BY AND BETWEEN ) <br> UNITED WAY OF CENTRAL ) <br> CAROLINAS, INC. AND GLORIA ) <br> PACE KING; UNITED WAY OF ) <br> CENTRAL CAROLINAS, INC. BOARD ) <br> OF DIRECTORS; EDWARD L. ) <br> CURRAN; GRAHAM W. DENTON; ) <br> CARLOS EVANS; ANTHONY FOX; ) <br> PAUL S. FRANZ; JEFFREY KANE; ) <br> IRVIN BISNOV; and JOSEPH F. ) <br> HALLOW, III, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 80].

I.      **PROCEDURAL BACKGROUND**

In this action, the Plaintiff Gloria Pace King asserts claims for the wrongful termination of her employment as President of United Way of Central Carolinas, Inc. ("UWCC") and for the wrongful denial of benefits under a 2008 Employment Agreement and a Supplemental Executive Retirement Plan ("SERP"). The Plaintiff commenced this action in state court on April 13, 2009 by filing an Application for an Order extending the time in which to file a complaint pursuant to North Carolina Rule of Civil Procedure 3(a) as well as a verified motion for a temporary restraining order seeking the reinstatement of her salary continuation benefits under the 2008 Employment Agreement.  [Application and Motion for TRO, Doc. 1-1].  On April 17, 2009, the Defendants removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  [Notice of Removal, Doc. 1].  That same day, the Court held a telephonic hearing and denied the Plaintiff's motion for a temporary restraining order.  The Court

further ordered the Plaintiff to file her complaint by April 27, 2009. [Order, Doc. 4].

In keeping with the Court's Order, the Plaintiff filed her initial Complaint on April 27, 2009. In this pleading, the Plaintiff articulated her claim for salary continuation benefits in terms of state law wage and hour violations and assorted breach of contract theories. [Complaint, Doc. 10]. On June 5, 2009, the Defendants moved to dismiss these claims on the basis that they were preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). [Motion to Dismiss, Doc. 24]. On August 6, 2009, the Honorable David S. Cayer, United States Magistrate Judge, entered a Memorandum and Recommendation, concluding that the Plaintiff's state law claims for salary continuation benefits were preempted by ERISA and recommending that the Plaintiff be granted leave to recast these claims as ERISA claims. [Memorandum and Recommendation, Doc. 48]. On May 14, 2010, the Court adopted Judge Cayer's recommendation regarding these state law claims, and directed the Plaintiff to file an amended complaint within twenty-one days. [Order, Doc. 56].

In her Amended and Supplemented Complaint filed on June 11, 2010, the Plaintiff recast her claims concerning the 2008 Employment Agreement by way of three separate causes of action.  In the First Cause of Action, the Plaintiff alleges that the Defendants violated 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503.1 by failing to establish or comply with any ERISA claims procedures with respect to the 2008 Employment Agreement.  [Amended and Supplemented Complaint, Doc. 59 at ¶¶267-74].  In her Second and Third Causes of Action, the Plaintiff claims interference with her ERISA rights and asserts that she is entitled pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover all salary continuation benefits under the 2008 Employment Agreement in accordance with the original termination of her employment "without cause."  [Id. at ¶¶275-90].

On July 12, 2010, all thirteen Defendants answered the Amended and Supplemented Complaint, denying liability concerning, *inter alia*, Plaintiff's first three causes of action and asserting the Plaintiff's failure to exhaust administrative remedies as an affirmative defense to these claims.  [Answers, Docs. 67-75].  Two weeks later, Defendants' counsel sent the Plaintiff's counsel a letter for the purpose of providing information to the Plaintiff regarding the submission of a formal claim for benefits under the

ERISA Plan components of her 2008 Employment Agreement. [Sizemore Letter, Doc. 80-1]. Attached to this letter was a letter from current UWCC President Jeff Kane ("Kane Letter"), which outlines an administrative review process for Plaintiff's benefit claims. [Kane Letter, Doc. 80-2]. Maintaining that she was not required to exhaust any *post hoc* claims procedure before pursuing her claims in this action, the Plaintiff requested that the Defendants withdraw their affirmative defense of failure to exhaust administrative remedies. [Diehl Letter, Doc. 80-5]. When the Defendants refused to do so [Sizemore Letter, Doc. 80-6], the Plaintiff filed the present motion, seeking summary judgment with respect to her First Cause of Action and each Defendant's "Sixth Defense," which asserts the failure to exhaust administrative remedies as an affirmative defense to the Plaintiff's First, Second, and Third Causes of Action.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Supreme

5

Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d (1986)) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

> A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. Furthermore, neither unsupported speculation, nor evidence that is merely colorable or not significantly probative, will suffice to defeat a motion for summary judgment; rather, if the adverse

6

> party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered.

Id. (internal citations and quotation marks omitted). Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. ANALYSIS

Pursuant to ERISA, every employee benefit plan must provide plan participants and beneficiaries with a reasonable administrative claims procedure. See 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1. While ERISA itself does not contain an explicit exhaustion requirement, courts generally require ERISA claimants to exhaust the administrative remedies provided by their employee benefit plans before pursuing an action for denial of benefits under 29 U.S.C. § 1132. Makar v. Health Care Corp. of Mid-Atlantic (Carefirst), 872 F.2d 80, 82 (4th Cir. 1989). If a plan fails to

7

establish or follow claims procedures consistent with ERISA, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act . . . ." 29 C.F.R. § 2560.503-1(l).

In the present case, it is undisputed that the 2008 Employment Agreement does not contain a claims procedure for the resolution of benefit claims made under the Agreement. [2008 Employment Agreement, Doc. 1-2]. It is also undisputed that the administrative claims process proposed by the Defendants in the Kane Letter did not exist prior to this litigation and in fact was not developed until *after* the Court held in its May 14, 2010 Order that the 2008 Employment Agreement was subject to ERISA. [See Doc. 83 at 10 ("Prior to the Court's decision, there was no practical way -- given the Plaintiff's position that the Plan was not even subject to ERISA -- for the Plan to implement an ERISA administrative claims process with respect to Plaintiff's claims. In the wake of the Court's decision, it is entirely appropriate to put into motion a procedure to do just that, and this procedure is spelled out in Mr. Kane's letter.")]. Under 29 C.F.R. § 2560.503-1(l), the Plaintiff "is not required to exhaust a claims procedure that was adopted only after a suit to recover benefits has been brought."

8

Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 223 (2d Cir. 2006). Because the 2008 Employment Agreement fails to establish claim procedures consistent with the requirements of ERISA, the Plaintiff is deemed to have exhausted her administrative remedies under 29 C.F.R. § 2560.503-1(l). As such, the Court will grant summary judgment in favor of the Plaintiff with respect to each Defendant's "Sixth Defense," which asserts the failure to exhaust administrative remedies as an affirmative defense to the Plaintiff's First, Second, and Third Causes of Action as stated in the Amended and Supplemented Complaint.

With respect to the Plaintiff's First Cause of Action alleging a violation of 29 U.S.C. § 1133, however, the Plaintiff's request for summary judgment must be denied. As conceded by the Plaintiff, the First Cause of Action does not seek any substantive relief but rather claims a procedural violation of ERISA. [See Doc. 84 at 4 (asserting that Defendants mischaracterize this claim as one seeking "substantive" relief not available under ERISA)]. "Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair

review.'" Gagliano v. Reliance Std. Life Ins. Co., 547 F.3d 230, 240 (4th Cir. 2008) (quoting Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.3d 154, 159 (4th Cir. 1993)), cert. denied, 129 S.Ct. 2735, 174 L.Ed.2d 247 (2009). "The only exception to that rule would be where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law." Gagliano, 547 F.3d at 240. Here, the record is not sufficiently developed to enable to the Court to make such a determination as a matter of law at this time.[1] Even if the record were sufficiently developed, and the Court determined that a remand would be appropriate, a remand at this juncture would result in the piecemeal adjudication of the Plaintiff's ERISA claims and therefore would constitute a waste of judicial resources. For these reasons, the Plaintiff's request for summary judgment on her claim of a § 1133 violation, as stated in her First Cause of Action, will be denied as premature, but without prejudice subject to renewal at the appropriate time.

---

[1]In support of her motion for partial summary judgment, the Plaintiff has submitted only a series of correspondence between the parties' counsel. Otherwise, the record before the Court consists primarily of the parties' respective initial pleadings, as amended.

## IV. ORDER

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Partial Summary Judgment [Doc. 80] is **GRANTED** with respect to each Defendant's Sixth Defense. In all other respects, the Plaintiff's Motion for Partial Summary Judgment [Doc. 80] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 15, 2010

Martin Reidinger
United States District Judge